IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LESHURN HUNT,

               Plaintiff,

v.

RANDY LOHMAN, DR. VIPIN SHAH,
and TRACI PEEK,[1]

               Defendants.

Case No. 16-cv-247-NJR-MAB

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Mark A. Beatty (Doc. 112), which recommends that the Court deny the motion for summary judgment filed by Defendant Randy Lohman (Docs. 99 and 100) and deny the motion for summary judgment filed by Defendant Dr. Vipin Shah (Docs. 101 and 102).

The Report and Recommendation was entered on June 5, 2019. Defendant Lohman has filed an Objection to the Report and Recommendation (Doc. 113). Plaintiff Leshurn Hunt has filed a Response to that Objection (Doc. 114).

### BACKGROUND

Hunt, an inmate of the Illinois Department of Corrections ("IDOC"), was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate name of the following defendant: "Tracy Peek" should be "Traci Peek," as set forth in that defendant's Answer at Doc. 13.

initiated this action. Hunt proceeds on the following claims:

> Count 1: Excessive force against Defendant Lohman; and
>
> Count 2: Deliberate indifference to a serious medical need against Defendants Shah and Peek.

(Doc. 65).

On March 8, 2019, Defendant Lohman filed a Motion for Summary Judgment (Docs. 99 and 100) arguing that Hunt's claims are barred by the statute of limitations. On that same day, Defendant Dr. Shah filed Motion for Summary Judgment (Docs. 101 and 102) arguing that he is entitled to summary judgment on Hunt's deliberate indifference claim against him.

## THE REPORT AND RECOMMENDATION

Judge Beatty recommends denying both Motions for Summary Judgment. As to Defendant Lohman, Judge Beatty found his timeliness argument unavailing because the doctrine of equitable tolling applies. Specifically, Judge Beatty found that the applicable statute of limitations was tolled during the time Defendant Spiller failed to produce discovery that would have allowed Hunt to have identified Defendant Lohman sooner.

As to Defendant Dr. Shah, Judge Beatty found that there was a genuine issue of material fact as to whether Defendant Dr. Shah became aware of Hunt's unanswered medical requests. Thus, Judge Beatty also concluded that summary judgment was not warranted on the deliberate indifference claim against Defendant Dr. Shah.

## DISCUSSION

Here, Defendant Lohman has filed a timely objection to the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo*

review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734,739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

Defendant Lohman objects that Hunt's claim is barred by the statute of limitations because it does not relate back to the original pleading and equitable tolling does not apply because Hunt did not diligently pursue his claim and there was no extraordinary circumstance that prevented him from doing so.

Judge Beatty recommends applying equitable tolling due to the State's failure to produce the requested discovery. Hunt initially alleged that an unnamed officer used excessive force against him during a shakedown at Pinckneyville (Doc. 1, p. 8). The Orange Crush officer wore tactical gear, including a helmet and shield (Doc. 106-1, p. 6, 65:14-22). On March 29, 2016, the undersigned entered a screening order allowing Hunt

to proceed on his excessive force claim against the unnamed officer and kept Defendant Spiller as a party in this suit "for the sole purpose of assisting with the identification of the Unknown defendants" (Doc. 6, pp. 5-6, 8). On July 11, 2016, Hunt (proceeding *pro se*) issued requests for production seeking "any documents or information which would assist in the identification of the John Does," including shake down slips, incident reports, disciplinary tickets, grievances, names of person with knowledge of the incidents, photographs of the Orange Crush Officers, etc. (Doc. 113-1). On August 31, 2016, Defendant Spiller responded that it had "requested responsive documentation from Pinckneyville Correctional Center and will supplement this response upon receipt." (Doc. 106-4). Hunt asserts "the State produced nothing at that time or for nearly two years after." (Doc. 106, p. 3).

On July 7, 2017, Defendants deposed Hunt and asked whether he knew of any documents that might help him identify the Orange Crush officer who attacked him (Doc. 106-1, 48:13-49; 50:4-51:5). Hunt said photographs would be especially helpful given "this particular officer's lip the way it was." (*Id*. at 50:18-19).

In June 2018, the Court appointed Hunt counsel (Doc. 52). On July 25, 2018, Magistrate Judge Donald G. Wilkerson[2] held a status conference with counsel and ordered Defendant Spiller to produce photographs of the Orange Crush officers to Hunt's counsel (Doc. 59). On August 10, 2018, Defendant Spiller produced shakedown slips and overtime reports from the March 10, 2014 shakedown at Pinckneyville. On August 17, 2018, Defendant Spiller produced photographs of all Orange Crush members who

---

[2] This case was reassigned to Judge Beatty upon Judge Wilkerson's retirement earlier this year.

participated in the shakedown. After this, Hunt was able to identify Officer Lohman as the man who attacked him, and he filed an Amended Complaint within the deadline set by Judge Wilkerson (Doc. 65).

Judge Beatty recommends that the Court apply the doctrine of equitable tolling during the time that Defendant Spiller failed to produce discovery that would have allowed Hunt to identify Defendant Lohman earlier (Doc. 112, p. 8). He does not recommend equitable tolling based on Hunt's mere status as an inmate, as Defendant Lohman suggests.

The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Based on the facts set forth above, the Court disagrees with Defendant Lohman that Hunt failed to exercise due diligence in attempting to discover his identity. Nor does the Court find that any potential prejudice cited by Defendant Lohman weighs against applying equitable tolling in this case. Thus, this objection is **OVERRULED**.[3]

Defendant Lohman also objects on the basis that Hunt's claim is untimely even when equitable tolling is applied. Hunt responds that Defendant Lohman fails to account for the tolling that applied while Hunt exhausted his administrative remedies and while the Court screened his *pro se* complaint.

The statute of limitations on a claim brought in federal court in Illinois under

---

[3] It not necessary to additionally analyze whether Hunt's Amended Complaint relates back to the date of the original complaint under Federal Rule of Civil Procedure 15, because the Court finds that the principles of equitable tolling apply. Additionally, Rule 15(c) relation back was not the basis for Judge Beatty's Report and Recommendation.

42 U.S.C. § 1983 is two years from the date of the injury, unless the limitations period is tolled. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). A cause of action for excessive force accrues on the date of the excessive force. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006).

The statute of limitations started to accrue on the date of the Orange Crush shakedown, which was March 10, 2014. The Amended Complaint naming Defendant Lohman was filed on September 14, 2018.

Judge Beatty found, and this Court agrees, that the statute of limitations was tolled during the time Defendant Spiller failed to produce discovery that would have allowed Hunt to have identified Defendant Lohman earlier. Hunt issued his discovery requests on July 11, 2016. Under Rule 34 of the Federal Rules of Civil Procedure, responses were due 30 days later. FED. R. CIV. P. 34(b)(2)(A). Defendant Spiller did not produce the photographs that allowed Hunt to identify Defendant Lohman until August 17, 2018. Thus, the period is tolled during this time, which equals 736 days.

The statute of limitations was also tolled while Hunt completed the administrative grievance process. *See Johnson*, 272 F.3d at 521 ("a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process"). Hunt filed a grievance on April 16, 2014, and received a response from the Administrative Review Board on April 8, 2015 (Doc. 1-1, p. 1-6). This amounts to another 355 days of tolled time.

The statute of limitations also was tolled while the Court screened Hunt's *pro se* complaint. *See Sims v. Olszeqski*, No. 17 C 79, 2017 WL 1903121, at *7 (N.D. Ill. May 9, 2017)

("The Seventh Circuit has held that claims may be equitably tolled while courts preliminarily screen *pro se* prisoner complaints.") (citing *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 547-548 (7th Cir. 2014)). This amounts to another 22 days of tolled time. Thus, when factoring in all time that was tolled, Hunt's claim against Defendant Lohman set forth in the Amended Complaint is timely. Accordingly, Defendant Lohman's objection on this ground is **OVERRULED**.

The Court has reviewed the remaining portions of the Report and Recommendation— to which there was no objection—for clear error and finds none.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Beatty's Report and Recommendation (Doc. 112), **OVERRULES** Defendant Lohman's Objections (Doc. 113), **DENIES** the Motion for Summary Judgment filed by Defendant Lohman (Docs. 99 and 100), and **DENIES** the Motion for Summary Judgment filed by Defendant Dr. Shah (Docs. 101 and 102). Finally, the Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate name of the following defendant: "Tracy Peek" should be "Traci Peek," as set forth in the Answer at Doc. 13.

**A Final Pretrial Conference is set for September 5, 2019, and Jury Trial is set for September 17, 2019. The parties are encouraged to contact Judge Beatty to schedule a settlement conference prior to these upcoming dates**.

IT IS SO ORDERED.

DATED:   August 12, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**